\*EDWARD HARLAND, ETC., V. RICHARD S. NEWCOMBE, THE · BANKERS' & MERCHANTS' TELEGRAPH CO. ET AL.

1. REVERSAL OF SALE MADE AND CONFIRMED PENDENTE LITE.

Where a sale of telegraph lines is made and confirmed *pendente lite*, leaving undetermined the liens of parties claiming them, such parties may bring suit in error to reverse such sale.

2. SALES OF REAL ESTATE TO BE CONDUCTED AS· UPON EXECUTIONS AT LAW, WHEN.

In Ohio sales of real estate under decrees either final or interlocutory are to be conducted as upon execution at law.

3. ORDERS OF SALE ISSUED UNDER DECREES EITHER FINAL OR INTERLOCUTORY.

Orders of sale issued on such decrees are executions under secs. 5372 and 5373, Rev. Stat.

4. EXTENSION OF ORDER OF SALE BEYOND SIXTY DAYS IS ERRONEOUS.

Under sec. 5418, Rev. Stat., such orders of sale should be returned in sixty days, and it is error for the court under authority of which it is issued, without any return thereof to order the same writ to be extended; and a sale made on such extended writ after the expiration of the sixty days should be set aside.

5. A REVIEWING COURT MAY SET ASIDE·SUCH SALE AND CONFIRMATION.

If such sale is confirmed, a reviewing court may set aside such sale and confirmation.

ERROR to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J.

This is a proceeding in error to set aside the sale of various telegraph lines situated within the state of Ohio, made in an action in favor of Richard S. Newcombe against the Bankers' & Merchants' Telegraph Company et al. under an order of the court of common pleas.

The action originally was one for the appointment of a receiver, and to determine priority of liens. There were various liens, claimed by mortgage and in other ways, on the telegraph lines, which are not yet settled by that court. The court authorized the receiver to issue certain receiver's certificates (the same certificates having been authorized to be issued by the court in the state of New York by which the original receiver was appointed.) and then made an order, *pendente lite*, finding the amount due on such certificates, rendering a decree therefor, and directing the sale of the telegraph lines, the proceeds to be applied to

---

\*The judgment in this case was reversed by the Supreme Court, no report, January 21, 1890.

the amount so found due. The general proceedings were considerably discussed before us, but in our view, the matter before us is somewhat narrowed and does not need a long discussion.

The court, by decree, ordered the property to be sold by "Charles C. Dowstoe, sheriff of said county of Cuyahoga, who is hereby appointed a special master commissioner for that purpose, and to that end he is hereby invested with full power in said capacity, as such special master commissioner, to execute and carry into effect the order of sale now here made, and to do and perform all such other matters and things in the premises, as are now or shall be ordered and required of him in this behalf."

An order of sale issued to the sheriff with the following:

"We, therefore, command you that you proceed to carry this order, judgment and decree into execution agreeable to the tenor thereof, and that you expose to sale the above described real estate, under the statute regulating sales on execution, and that you apply the proceeds of such sale in satisfaction of said judgment and decree, with costs and interest, as specified therein ; and that you make report of your proceedings herein to our court of common pleas within sixty days from the date thereof, and bring this order with you."

Under it the sheriff caused the property to be appraised and advertised ; but he had not fully sold it before the sixty days expired within which he was ordered by the writ to make return of it; thereupon, without any return of the writ, an application was made to the court and an order of this sort was procured :

"This cause came on to be further heard upon the motion of plaintiffs to grant an *alias* order to the sheriff of this county for extention of the time to make return of former order to said sheriff to cause to be appraised and sale of the property and rights decribed in said former order ; and it appearing to the court that sufficient time for the purposes aforesaid had not been granted in said former order, therefore it is considered and ordered by the court that said sheriff have further time to make return of said former order and appraisal and sale of the property therein described, and that he make return thereof on or before the first day of August, A. D. 1885 ; and that an *alias* order to that effect herein be forthwith delivered to the sheriff by the clerk of this court."

The sheriff thereupon, after the expiration of the sixty days, sold the telegraph lines under the order so extended to Edward S. Stokes, the holder of the certificates, for an amount partly sufficient to pay them.

By this order of the court the sheriff had further time to make return of the former order, and it is said that this was an improper irregu'arity.

Our statutes make broad provisions about executions. Sec. 5372, provides:

"An execution is a process of the court, issued by the clerk, and directed to the sheriff of the county ; and executions may be issued to the sheriffs of different counties at the same time."

Section 5373, among other things, provides:

"Executions are of three kinds :

"1. Against the property of the judgment debtor, including orders of sale."

Section 5418, provides: ·

"The officer to whom a writ of execution is directed, shall return such writ to the court to which it is returnable, within sixty days from the date thereof."

It will be noticed that sec. 5418, is a broad provision in regard to writs of execution; and it will also be noticed that sec. 5372, provides what an execution is—"a process of the court, issued by the clerk and directed to the sheriff of the county," and that sec. 5373, includes any executions "against the property of the judgment debtor, including orders of sale."

So it would seem *prima facie*, unless there be some reason to take the order out of the effect of this statute, that under the direct provision of sec. 5418, it was the duty of the sheriff to make return to the court in which it was returnable, within sixty days from its date, of this order of sale. The sheriff did not do that, but on application the court directed that the sheriff should have a further time within which to make return of that same order of sale. What authority had the court to grant such an order ? Nowhere in the statutes is there any power granted to the court to interfere with sec. 5418; and, unless there is some power outside of the statutes, the court, apparently, were in error in granting, in that manner, further time to the sheriff. The proper course to be taken would have been to have returned that writ, and to have secured an *alias* order, which is provided for by the statutes.

Nor is the objection purely technical, for any one interested, either as claiming a lien or as proposing to bid, may well have thought it unnecessary to watch an expired writ.

There are two claims made in answer to this. First, it is said that the plaintiff in error has no interest in this suit. Whether he has an interest in this *property* or not, perhaps, is a matter of fact, which we at this time are not prepared to decide. At the time at which this sale took place, he was a party to the suit, and he set up that he had an interest in the property. He has an interest in the *suit*. The order of sale, was made *pendente lite*. He had just as good a right to appear and contest the propriety or the regularity of that sale as any other person who claimed an interest therein. He did so, and we are unable to see why he may not prosecute the petition in error to set aside the confirmation of that sale.

The other claim is that this sale was, as termed by counsel, a "judicial sale." It is said that there are two kinds of sales—statutory sales and judicial sales; that the one is a sale under the statute, on execution, and the other is a sale made by the direct order of the court,

and that there is vested in a court of chancery the power to make an order in which the court itself is the seller, and the rules in regard to the making and confirmation of which are not to be governed by the statutes; and it is said that this sale, made *pendente lite* under these rules, was *such* a sale, and we are referred to various cases which, on cursory reading, would seem to sustain the doctrine thus laid down in Rorer on Judicial Sales.

The apparent difference in the authorities upon this subject arises out of the fact that there are under the old practice suits at law in which executions are obtained, and which follow the course of the law; and suits in chancery. In the case cited by counsel of Harrison v. Harrison, 1 Md., Chy. Decis., 335, for instance, it is held:

"The differences are so many and material between sales by a trustee in chancery and sales on execution by a sheriff, that it is impossible, with safety, to apply any one principle to them both.

"But the vital difference, perhaps, with reference to the question now under consideration is, the sheriff's sale, if made conformably to law, is final and valid, and passes the title; whereas chancery sales, the court being the vendor, are not binding and conclusive until approved and ratified by the court."

We do not think that under our statutes, as they exist in Ohio, this difference between chancery sales, or sales said to be made by the court, and sales which are made at law, obtains. It is very evident, indeed, that the statute which I have read, is intended to cover as well sales which are made in foreclosure, for instance, or on orders in chancery—what we ordinarily call and what is called in the statute "orders of sale"—and sales on execution. Our statute plainly says that the two are to be brought under one law.

And we think that when the court, on a decree *pendente lite*, directs that real estate shall be sold, it is the duty of the officers entrusted with that order, and it is proper for the court to direct, that sale be made and carried out exactly as it would have been if made finally on what in older times would have been a decree in chancery, but now a final judgment which, under our present system, would be the same as a sale made under execution.

The court say, in Ohio Life Ins. and Trust Co. v. Goodin, 10 O. S., 557, 566, "all such sales, whether by judgment or decree are regulated by the same statute."

It is further said, that the confirmation of that sale made by the court below was final, and we are referred to the same book, Rorer on Judicial Sales:

"Section 108. The court is clothed with unlimited discretion to confirm a judicial sale or not, as may seem wise and just. Confirmation is final consent; the court being the vendor, it may consent or not at its discretion; but it cannot change the terms of sale and then confirm. Such an act would have no validity.

"Section 109. But confirmation, when made by the court, though subsequent to the day of sale, relates back to the date of the sale, if the date of sale is apparent of record or in the deed, and carries title as from that date"

"Confirmation cures all mere irregularities."

It is true that the sale, if it continued to be a confirmed sale, would cure all mere irregularities in the sale. It is true that there is a fair discretion in the court whether they will confirm a sale or not; but the language of the author applies to every sale which is made in a court of chancery; in short, to all sales which are now made, and which under the old practice would have been on foreclosure or upon an application in chancery.

Under the decisions of our Supreme Court, Reeves v. Skenett, 13 O. S., 574, Wilson v. Scott, 29 O. S., 636, these sales may be taken on error to higher courts, and it is for the court above to say whether or not the court erred in its discretion, which is always to be exercised subject to certain rules. There may somewhat more flexibility or latitude be given where the court has a discretion, but that discretion must not be abused. It has been held time and again by our Supreme Court, that judicial discretion and the question of the confirmation of a sale may be reviewed, and so the matter is fully before us. We are of the opinion, that it was error on the part of the court below to grant further time to the sheriff in which to make his return of the writ which was in his hands, and which sec. 5418, of the statute directs in express terms shall be returned within sixty days from the date thereof; and that therefore the sale should be set aside.

The order of confirmation is therefore reversed, the sale is set aside, and the case remanded to the court of common pleas for further proceedings.

Estep, Dickey & Squire, for plaintiff in error.

Judge J. W. Tyler and Robert G. Ingersoll, for defendants in error.